NO. 07-06-0392-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 27, 2007

_____

ERIC ROSS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;

NO. 241-1046-00; HONORABLE CYNTHIA STEVENS KENT, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of guilty, in October 2000, Appellant, Eric Ross, was convicted of driving while intoxicated.  Punishment was assessed at ten years confinement and a $1,000 fine, suspended in favor of ten years community supervision.  On July 26, 2006, the State filed its *Application to Revoke Community Supervision* in which it alleged that

Appellant had violated the conditions of community supervision. At the hearing on the State's motion, Appellant pleaded true to the identity paragraph and to the allegation that he left his county of residence and the State of Arkansas without notifying his community supervision officer and without obtaining permission from the trial court. The State then offered testimony from a Louisiana police officer that supported allegations that Appellant had consumed alcoholic beverages in violation of the conditions of community supervision. The trial court found that the State met its burden of proof, revoked Appellant's community supervision, and assessed the original punishment of ten years confinement and a $1,000 fine. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of her motion to withdraw, counsel certifies she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that she forwarded Appellant a copy of the brief and informed him that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified Appellant of his right to

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

review the record and file a *pro se* response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. Appellant filed a response challenging the State's allegations. The State filed a letter acknowledging the *Anders* brief.

By the *Anders* brief counsel maintains there are no meritorious issues. Counsel asserts that Appellant's plea of true to the allegation that he left his county of residence and the State of Arkansas without notifying his community supervision officer and without permission from the trial court is sufficient to support revocation. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). Additionally, the State proved by a preponderance of the evidence that Appellant violated other conditions of community supervision by consuming alcoholic beverages. *See Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). *See also Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record, counsel's brief, and Appellant's *pro se* response, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Cr.App. 2005).

Accordingly, counsel's motion to withdraw is granted[2] and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[2]In granting counsel's motion to withdraw, however, we remind counsel of the "educational" duty to inform the Appellant of this Court's decision and of his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App. 2006).